Zac Stoltz (SBN 341232)
zstoltz@goldbergloren.com
James Loren, (*pro hac vice*) (SBN 55409)
jloren@goldbergloren.com
**GOLDBERG & LOREN, P.A.**
11755 Wilshire Blvd,
STE 1250
Los Angeles, CA 90025
Phone: (800) 719-1617 EXT 2161
Fax:    (888) 272-8822

Attorneys for Plaintiff ALEXANDER RUSSO

# UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDER RUSSO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL MEDICAL SERVICES, INC., a Texas Corporation; BEN FITZGERALD REAL ESTATE SERVICES, LLC, a Texas Corporation; JIM SLATTERY, an Individual; ABIGAIL WOULFE, an Individual; JERRY TATE, an Individual, and DOES 1-25, inclusive.<br><br>Defendants. | Case No.: 5:24-cv-00748-PCP<br><br>*Assigned for all purposes to the Honorable P. Casey Pitts, Dept. 6*<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF:**<br><br>1. **Failure to Pay Minimum Wage Compensation for All Hours Worked in Violation of Cal. Labor Code §§ 1182.12, 1194, and 1197, of IWC Wage Orders;**<br><br>2. **Failure to Pay Overtime in Violation of Fair Labor Standards Act, 29 U.S.C. § 207**<br><br>3. **Failure to Pay Overtime in Violation of Cal. Labor Code § 510, 1194, 1198, and IWC Wage Orders;**<br><br>4. **Failure to Provide and/or Authorize Meal Periods and Rest Periods / Unpaid Wages in Violation of Cal. Labor Code §§ 226.7, 512 and the Applicable IWC Wage Order;** |

- 1 -

5. **Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Labor Code § 226;**

6. **Unlawful and/or Unfair Business Practices in Violation of Cal. Business § Professions Code § 172200** *et seq.*

**DEMAND FOR JURY TRIAL**

Complaint Filed: October 9, 2023
Trial Date: None Set.

Plaintiff ALEXANDER RUSSO alleges upon personal knowledge as to himself and upon information and belief as to all other matters, as follows against FEDERAL MEDICAL SERVICES, INC., a Texas corporation BEN FITZGERALD REAL ESTATE SERVICES, LLC., a Texas Corporation; JIM SLATTERY, an Individual; ABIGAIL WOULFE, an Individual; JERRY TATE, and Individual; and DOES 1-(25), inclusive. (collectively, "EMPLOYER DEFENDANTS").

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to diversity jurisdiction arising under 28 U.S.C. § 1332 because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000.

2. This Court has personal jurisdiction over FEDERAL MEDICAL SERVICES, INC. and BEN FITZGERALD REAL ESTATE SERVICES, LLC., because they are registered in the State of Texas, with their principal place of business located in Texas, and conduct business in the State of California, employing PLAINTIFF in the State of California, and assigning duties, responsibilities, and obligations to PLAINTIFF carried out in the State of California.

3. This Court has personal jurisdiction over ABIGAIL WOULFE, JERRY TATE, and JIM SLATTERY because, based on information and belief, they were PLAINTIFF's employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 5-2001, and are an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558.1, and liable to Plaintiff on that basis.

4. There is complete diversity of citizenship between Plaintiff and Defendants in this case. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. Therefore, this Court has jurisdiction over the dispute under 28 U.S.C. §1332.5. Venue is proper because, pursuant to 28 U.S. Code § 1391(e) of Title 28 a substantial part of the events or omissions giving rise to the claim occurred within the venue of this court.

## DIVISIONAL ASSIGNMENT

5. Assignment to the Northern District of California San Jose Division is proper pursuant to the provisions of California Code of Civil Procedure sections 395 and 395.5 and

1  Northern District of California Civil L.R. 3-2 (c) because a substantial portion of the acts, events,
2  and violations occurred in this county. Upon information and belief, EMPLOYER DEFENDANTS
3  maintain offices, have agents, employ individuals, and/transact business in the State of California,
4  County of Santa Clara.

## THE PARTIES

6. At all times herein mentioned, Plaintiff ALEXANDER RUSSO ("PLAINTIFF") is a resident of Santa Clara County in the State of California.

7. At all times herein mentioned, PLAINTIFF is informed and believes, and thereon alleges that Defendant FEDERAL MEDICAL SERVICES, INC. (hereinafter "FED MED") is a Corporation organized under the laws of the State of Texas, and conducting business Santa Clara County, CA.

8. At all times herein mentioned, PLAINTIFF is informed and believes, and thereon alleges that Defendant BEN FITZGERALD REAL ESTATE SERVICES, LLC. (hereinafter "BEN FITZGERALD") is a Corporation organized under the laws of the State of Texas, and conducting business in Santa Clara County, CA.

9. Upon information and belief, PLAINTIFF alleges that JIM SLATTERY (hereinafter "SLATTERY") is a resident of Bexar County in the State of Texas. PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, SLATTERY was and is an owner and Chief Executive Officer ("CEO") of FED MED, and based thereupon alleges, that at all times relevant hereto, is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

10. Upon information and belief, PLAINTIFF alleges that ABIGAIL WOULFE (hereinafter "WOULFE") is a resident of Smith County in the State of Texas. PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant WOULFE is and was a managing agent for Defendant FED MED and BEN FITZGERALD, and as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

11. Upon information and belief, PLAINTIFF alleges that JERRY TATE (hereinafter "TATE") is a resident of Smith County in the State of Texas. PLAINTIFF is informed and believes, and based thereupon alleges, that at all relevant times hereto, TATE was and is an owner and Chief Executive Officer ("CEO") of BEN FITZGERALD, and as such, this Defendant is believed to be an "other person acting on behalf of an employer" within the meaning of Labor Code §§ 558 and 558.1.

12. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 25, are unknown to PLAINTIFF at this time. PLAINTIFF therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 25 when the correct identities are ascertained. PLAINTIFF is informed and believes, and based thereon alleges, that each of the DOE Defendants is in some manner liable to PLAINTIFF for the events and actions alleged herein. All named Defendants and DOES 1 through 25 are collectively referred to as "EMPLOYER DEFENDANTS."

13. PLAINTIFF is informed and believes, and based thereon alleges, that all at all times relevant herein each EMPLOYER DEFENDANT was acting as an agent, joint venture, or as an integrated enterprise and/or alter ego for each of the other EMPLOYER DEFENDANTS, and each was a co-conspirator with respect to the acts and wrongful conduct alleged herein, so that each is responsible for the acts of the other in connection with the conspiracy and in proximate connection with the other EMPLOYER DEFENDANTS.

14. PLAINTIFF is informed and believes, and based thereon alleges, that each EMPLOYER was acting partly within and partly without the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other EMPLOYER DEFENDANT.

15. PLAINTIFF is informed and believes, and based thereon alleges, that each of the EMPLOYER DEFENDANTS was an agent, managing general partner, managing member, owner, co-owner, partner, employee, and/or representative of each of the EMPLOYER DEFENDANTS, and was at all times material hereto, acting within the purpose and scope of such agency, employment, contract

and/or representation and that each of them are jointly and severally liable to PLAINTIFF for the acts alleged herein.

16. PLAINTIFF is informed and believes, and based thereon alleges, that each of the EMPLOYER DEFENDANTS are liable to PLAINTIFF under legal theories and doctrines including but not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego, based in part, on the facts set forth below.

17. PLAINTIFF is informed and believes, and based thereon alleges, that each of the named EMPLOYER DEFENDANTS are part of an integrated enterprise and have acted or currently act as the employer and/or joint employer for PLAINTIFF, making each of them liable for wage and hour allegations alleged herein.

18. PLAINTIFF is informed and believes, and based thereupon allege, that at all times relevant hereto, EMPLOYER DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other EMPLOYER DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other EMPLOYER DEFENDANTS.

19. PLAINTIFF is informed and believes, and based thereupon allege, that EMPLOYER DEFENDANTS, and each of them, including those defendants named as DOES 1-25, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. PLAINTIFF is informed and believes, and based thereupon allege, that EMPLOYER DEFENDANTS, and each of them, including those EMPLOYER DEFENDANTS named as DOES 1-25, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing PLAINTIFF harm.

20. Whenever and wherever reference is made in this complaint to any act or failure to act by an EMPLOYER DEFENDANT or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and severally.

## FACTUAL ALLEGATIONS

21. On or about May 27, 2019, PLAINTIFF began employment with BEN FITZGERALD as a janitor at a rate of $16.28 per hour.

22. On or about August 9, 2019, unbeknownst to PLAINTIFF, he began working for FED MED, remaining supervised by WOULFE.

23. Throughout his employment, PLAINTIFF reported his hours to WOULFE.

24. Throughout his EMPLOYMENT at FED MED and BEN FITZGERALD, PLAINTIFF's job duties included cleaning, maintenance, and other janitorial services, as well as retrieving supplies.

25. On more than one occasion, WOULFE told PLAINTIFF that there would be no overtime pay nor pay raises issued.

26. Throughout his employment at FED MED and BEN FITZGERALD, PLAINTIFF regularly worked more than 8 hours a day and/or 40 hours per week without compensation at the lawful overtime rate.

27. Throughout his employment with BEN FITZGERALD, BEN FITZGERALD failed to properly pay him all overtime wages and minimum wages for all hours worked, failed to provide all meal and rest breaks to which they were entitled, failed to timely pay wages upon termination of employment, failed to provide accurate wage statements, and failed to adhere to other related protections afforded by the California Labor Code and applicable Industrial Welfare Commission Wage Order.

28. Throughout his employment with FED MED, FED MED failed to properly pay him all overtime wages and minimum wages for all hours worked, failed to provide all meal and rest breaks to which they were entitled, failed to timely pay wages upon termination of employment,

failed to provide accurate wage statements, and failed to adhere to other related protections afforded by the California Labor Code and applicable Industrial Welfare Commission Wage Order.

29. Throughout his EMPLOYMENT at FED MED and BEN FITZGERALD, PLAINTIFF was frequently scheduled to work approximately 5-7 days per week.

30. Throughout his EMPLOYMENT at FED MED and BEN FITZGERALD, PLAINTIFF was employed at a location in Menlo Park, CA, and a location in Palo Alto, CA.

31. Throughout his EMPLOYMENT at FED MED and BEN FITZGERALD, PLAINTIFF expended his own time and resources retrieving supplies for his employer(s).

32. Throughout his employment at FED MED and BEN FITZGERALD, PLAINTIFF did not receive timely, statutory 30-minute uninterrupted meal breaks, and was not provided with premium pay.

33. Throughout his employment at FED MED and BEN FITZGERALD, PLAINTIFF did not receive his statutory rest breaks and was not provided with premium pay.

34. Throughout his employment at FED MED and BEN FITZGERALD, PLAINTIFF did not receive compensation for all hours worked at the lawful minimum wage.

35. Plaintiff did not receive paystubs that complied with Labor Code § 226.

## FIRST CAUSE OF ACTION

**Failure to Pay the Minimum Wage for All Hours Worked in**

**Violation of Cal. Lab. Code §§ 1182.12, 1194, 1197; California**

**IWC Wage Order 9-2001**

(**Against EMPLOYER DEFENDANTS**)

36. As a separate and distinct cause of action, PLAINTIFF complains and realleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action. PLAINTIFF brings this cause of action against EMPLOYER DEFENDANTS.

37. At all relevant times, EMPLOYER DEFENDANTS were the "employer" of PLAINTIFF under the California Labor Code.

38. At all relevant times EMPLOYER DEFENDANTS controlled and directed the work of PLAINTIFF.

39. The work performed by PLAINTIFF was within the usual course of EMPLOYER DEFENDANTS business, *i.e.*, providing maintenance services.

40. PLAINTIFF is not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for EMPLOYER DEFENDANTS.

41. By failing to pay minimum wage compensation to PLAINTIFF, EMPLOYER DEFENDANTS violated California Labor Code sections 1194 and 1197, and IWC wage order 9-2001, which requires minimum wage compensation for non-exempt employees.

42. At all relevant times, EMPLOYER DEFENDANTS failed and refused to pay PLAINTIFF the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

43. By failing to maintain adequate time records required by California Labor Code section 1174(d) and IWC Wage Order 9-2001, Defendant has made it difficult to calculate minimum wages due to PLAINTIFF.

44. EMPLOYER DEFENDANTS' failure to pay the legal minimum wage to PLAINTIFF as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by PLAINTIFF in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

45. As a result of EMPLOYER DEFENDANTS unlawful acts, PLAINTIFF has been deprived of minimum wage compensation in an amount to be determined at trial and is entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

///

///

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime in Violation of the Fair Labor Standards Act, 29 U.S.C. § 207**

**(Against EMPLOYER DEFENDANTS)**

46. As a separate and distinct cause of action, PLAINTIFF complains and realleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action. PLAINTIFF brings this cause of action against EMPLOYER DEFENDANTS.

47. The FLSA, 29 U.S.C. § 207, requires each covered employer, such as EMPLOYER DEFENDANTS to compensate all non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty hours per work week.

48. When PLAINTIFF worked for EMPLOYER DEFENDANTS, within the applicable statute of limitations, PLAINTIFF often worked in excess of forty hours per workweek. Despite the hours worked by PLAINTIFF, EMPLOYER DEFENDANTS willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay him the appropriate overtime compensation for all hours worked in excess of forty.

49. As a result of EMPLOYER DEFENDANTS willful and unlawful conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent that they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

50. At all relevant times, upon information and belief, FED MED had a gross operating revenue in excess of $500,000.00 and/or was engaged in interstate commerce.

51. At all relevant times, upon information and belief, BEN FITZGERALD had a gross operating revenue in excess of $500,000.00 and/or was engaged in interstate commerce.

52. By failing to accurately record, report, and/or preserve records with respect to PLAINTIFF sufficient to determine his wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

53. Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), PLAINTIFF is entitled to recover the full amount of unpaid overtime compensation, liquidated damages, and interest thereon.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. PLAINTIFF, seeks recovery of attorney's fees and costs to be paid by EMPLOYER DEFENDANTS, as provided by the FLSA, 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime in Violation Cal. Lab. Code §§ 510, 1194**

**and 1198; California IWC Wage Order 9-2001**

**(Against EMPLOYER DEFENDANTS)**

56. As a separate and distinct cause of action, PLAINTIFF complains and realleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action. PLAINTIFF brings this cause of action against EMPLOYER DEFENDANTS.

57. California Labor Code section 1198 and the applicable Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

58. Specifically, the applicable Wage Order provides that EMPLOYER DEFENDANTS were required to pay PLAINTIFF at the rate of one-and-one-half times the regular hourly rate for all hours worked in excess of eight (8) hours in one day or more than forty (40) hours in a workweek.

59. California Labor Code section 510 codifies the right to overtime compensation of one-and-one-half times the regular hourly rate for hours worked in excess of (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

60. During the relevant time period, PLAINTIFF worked in excess of eight (8) hours in a

day, and/or in excess of forty (40) hours in a week.

61. During the relevant time period, EMPLOYER DEFENDANTS intentionally and willfully failed to pay overtime wages owed to PLAINTIFF.

62. By failing to maintain adequate time records required by California Labor Code section 1174(d) and IWC Wage Order 9-2001, Defendant has made it difficult to calculate minimum wages due to PLAINTIFF.

63. As a result of EMPLOYER DEFENDANTS unlawful acts, PLAINTIFF is entitled to recover such amounts, plus interest thereon, and attorneys' fees and costs, under California Labor Code section 1194.

## FOURTH CAUSE OF ACTION

**Failure to Provide and/or Authorize Meal Periods and Rest Periods**

**/ Unpaid Wages in Violation of Cal. Lab. Code § 226.7 and 512;**

**IWC Wage Order 9-2001**

**(Against EMPLOYER DEFENDANTS)**

64. As a separate and distinct cause of action, PLAINTIFF complains and realleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action. PLAINTIFF brings this cause of action against EMPLOYER DEFENDANTS.

65. At all relevant times, EMPLOYER DEFENDANTS were the "employer" of PLAINTIFF under the California Labor Code.

66. PLAINTIFF regularly worked in excess of five (5) hours per day without being afforded at least a half-hour uninterrupted meal period, in which he was relieved of his duties, as required by California Labor Code sections § 226.7 and 512, and IWC Wage Order 9-2001.

67. PLAINTIFF regularly worked in excess of ten (10) hours per day without being afforded a second half-hour uninterrupted meal period in which he was relieved of all duties, as required by California Labor Code section 226.7 and 512, and IWC Wage Order 9-2001.

68. Because EMPLOYER DEFENDANTS failed to afford proper meal periods, they are liable to PLAINTIFF for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code section 226.7 and IWC Wage Order 9-2001.

69. PLAINTIFF regularly worked more than three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which he was relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which he was relieved of all duties per four hours or major fraction thereof, as required under California Labor Code section 226.7 and IWC Wave Order 9-2001.

70. Because EMPLOYER DEFENDANTS failed to afford proper reset periods, they are liable to PLAINTIFF for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code section 226.7(b) and IWC Wage Orders 9-2001.

71. EMPLOYER DEFENDANTS also had no policy and/or practice to pay a premium when rest periods were missed, short, late, and/or interrupted and thus failed to pay PLAINTIFF the rest period premium due in violation of California Labor Code section 226.7.

72. EMPLOYER DEFENDANTS' failure to pay meal and rest period premiums was willful, in bad faith, and in knowing violation of the California Labor Code and IWC Wage Orders.

## FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE COMPLIANT WAGE STATEMENTS**

**Violations of Cal. Lab. Code § 226(a)**

**(Against FED MED, JIM SLATTERY, ABIGAIL WOULFE)**

73. As a separate and distinct cause of action, PLAINTIFF complains and realleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations that are inconsistent with this cause of action. PLAINTIFF brings this cause of action against FED MED, WOULFE, and SLATTERY.

74. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, gross wages earned, net wages earned, all deductions, and all applicable hourly rates. The deductions made from payments of wages shall be recorded in ink or other indelible forms, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years.

75. Labor Code section 558.1 provides that an employer or natural person who is an owner, director, officer, or managing agent of the employer, and who violates or causes to be violated Labor Code section 226 may be held liable as the employer for such violation. At all relevant times, FED MED, WOULFE, and SLATTERY were employers or persons acting on behalf of an employer, who violated California Labor Code section 226.

76. At all relevant times, EMPLOYER DEFENDANTS were employers or persons acting on behalf of an employer, who violated California Labor Code section 226.

77. At all relevant times, FED MED, WOULFE, and SLATTERY have intentionally and willfully failed to provide PLAINTIFF with wage statements.

78. As a result of FED MED, WOULFE, and SLATTERY's violation of California Labor Code section 226(a), PLAINTIFF has suffered injury and damage to his statutorily protected rights.

79. Specifically, PLAINTIFF has been injured by FED MED, WOULFE, and SLATTERY's intentional violation of California Labor Code section 226(a) because he was denied both his legal right to receive and his protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a).

80. Because FED MED, WOULFE, and SLATTERY failed to provide the accurate number of total hours worked on wage statements, PLAINTIFF has been prevented by FED MED, WOULFE, and SLATTERY from determining the extent of his unpaid hours. PLAINTIFF has had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze the extent of the underpayment, thereby causing PLAINTIFF to incur expenses and

1 lost time.

2  81. PLAINTIFF would not have had to engage in these efforts and incur these costs had
3 FED MED, WOULFE, and SLATTERY provided the accurate number of total hours worked.

4  82. PLAINTIFF is entitled to recover from FED MED, WOULFE, and SLATTERY the
5 greater of his actual damages caused by FED MED, WOULFE, and SLATTERY's failure to comply
6 with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars
7 ($4,000), and the award of costs and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

**Violation of Business and Professions Code §§ 17200 et. seq**

**(Against EMPLOYER DEFENDANTS)**

11  83. As a separate and distinct cause of action, PLAINTIFF complains and realleges all the
12 allegations contained in this Complaint and incorporates them by reference into this cause of action as
13 though fully set forth herein, excepting those allegations that are inconsistent with this cause of action.
14 PLAINTIFF brings this cause of action against EMPLOYER DEFENDANTS.

15  84. PLAINTIFF went so far as to complain to WOULFE about the pay violations, however,
16 despite his complaints Defendants continued to fail their obligations to pay him at the lawful rate of
17 pay for the hours worked.

18  85. EMPLOYER DEFENDANTS acts and omissions in violation of the California Labor
19 Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to: (1)
20 EMPLOYER DEFENDANTS failure and refusal to provide required meal periods; (2) EMPLOYER
21 DEFENDANTS failure and refusal to provide required rest periods; (3) EMPLOYER DEFENDANTS
22 failure and refusal to pay overtime compensation; (4) EMPLOYER DEFENDANTS failure and refusal
23 to pay minimum wages; (5) EMPLOYER DEFENDANTS failure and refusal to furnish accurate
24 itemized wage statements; (6) EMPLOYER DEFENDANTS failure to pay the minimum wage; and
25 (7) EMPLOYER DEFENDANTS failure to timely pay wages upon termination, thereby constituting
26 an unfair and unlawful business practice under California Business and Professions Code §§ 17200 et
27 seq.

86. EMPLOYER DEFENDANTS' violations of California wage and hour laws constitute an unfair and unlawful business practice because EMPLOYER DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF.

87. EMPLOYER DEFENDANTS have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, EMPLOYER DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

88. As a result of EMPLOYER DEFENDANTS' unfair and unlawful business practices, EMPLOYER DEFENDANTS have reaped unfair and illegal profits during PLAINTIFF's tenure at the expense of PLAINTIFF and members of the public. Defendants should be made to disgorge its ill-gotten gains and to restore them to PLAINTIFF.

89. Defendant's unfair and unlawful business practices entitle PLAINTIFF to seek preliminary and permanent injunctive relief, including but not limited to orders that EMPLOYER DEFENDANTS account for, disgorge, and restore to PLAINTIFF the wages and other compensation unlawfully withheld from him. PLAINTIFF is entitled to restitution of all monies to be disgorged from EMPLOYER DEFENDANTS in an amount according to proof at the time of trial.

### **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against EMPLOYER DEFENDANTS, jointly and severally, as follows:

A. That Defendant is found to have violated the overtime provision of the FLSA.

B. That Defendant is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff.

C. That Defendant is found to have violated the minimum wage, overtime, meal/rest periods, timely payment of wages, and wage statement provisions of the California wage laws cited above as to Plaintiff.

D. That Defendants violations described above are found to be willful;

E. That Defendants are found to have violated the California Labor Code by failing to maintain accurate time records of all the hours worked by Plaintiff.

F. An award to Plaintiff for the amount of unpaid wages owed, liquidated damages, and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G. That Defendant be ordered and enjoined to pay restitution to Plaintiff due to Defendant's unlawful activities, pursuant to California state law cited above;

H. That the Court grant declaratory relief stating that Defendant's scheme is unlawful;

I. For all statutorily permitted relief pursuant to each cause of action set forth above.

J. For an award of reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 1194, California Code of Civil Procedure § 1012.5 and/or other applicable state laws; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: March 26, 2024

Respectfully Submitted,
**GODLBERG & LOREN, P.A.**

By: _____
Zachary Stoltz
Attorneys for Plaintiff
ALEXANDER RUSSO

*DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all causes of action.

DATED: March 26, 2024

Respectfully Submitted,
**GOLDBERG & LOREN, P.A.**

By: _____
Zachary Stoltz
Attorneys for Plaintiff
ALEXANDER RUSSO