UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RUSSO,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL MEDICAL SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-00748-PCP   (SVK)<br><br>**ORDER RE JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 79 |

Before the Court is the Parties' Joint Discovery Submission ("Submission") wherein Plaintiff Alexander Russo ("Plaintiff" or "Russo") seeks to compel further production of documents from Defendant Ben Fitzgerald Real Estate Services, LLC ("BFRE") and further interrogatory responses and production of documents from individual defendant Jerry Tate ("Defendant" or "Tate"). Dkt. 79. The Parties first sought court assistance in resolving a morass of discovery disputes in early July. Dkt. 71, 72, 73, 74. In response, the Court directed the Parties to engage in robust meet and confer efforts and to bring any remaining issues to Court's attention in a joint submission as required by the undersigned's standing order. Dkt. 75. After what appear to have been productive meet and confer efforts, the Parties now seek the Court's assistance with a handful of remaining issues.

The Court has reviewed the Submission and the chart summarizing the Parties' positions as well as the operative pleadings in the action and relevant law. The Court determines that this matter may be resolved without oral argument.[1] Civ. L.R. 7-1(b). The Court's rulings are set

---

[1] Plaintiff indicates a willingness to participate in a "telephone conference in conformance with Local Rule 37-1(b) to resolve many, if not all, of these disputes." Dkt. 79 at 4. First, the Court's standing order is clear that it holds hearings either in person or by Zoom video link. Civil and Discovery Referral Matters Standing Order § 1. Second, Civil Local Rule 37-1(b) addresses

forth in Attachment A. To the extent Defendants have either volunteered or are ordered to provide further verified responses or production of documents, those tasks shall be completed **no later than August 12, 2024**. With regards to the Request for Production ("RFP") No. 34 directed to Defendant Tate, should any further issues remain after the Parties meet and confer in accordance with the Court's guidelines provided in Attachment A, the Parties may submit a further joint statement directed solely to that dispute not to exceed 3 pages in total.

A further word regarding the Submission. The Parties have had an unusually difficult time in following the Court's standing order which provides:

> The joint statement must: (1) state the number of days remaining before the close of fact discovery and/or days until trial; (2) briefly describe each unresolved issue without undue argument; and (3) set forth each party's proposed compromise with respect to each unresolved issue.

The standing order further provides:

> In addition, when specific discovery requests are disputed, the parties must include as an exhibit a joint chart that sets forth in columns the disputed request, the response thereto, the parties' respective proposed compromises, and a blank for the Court's use.

Civil and Discovery Referral Matters Standing Order § 8.

The Submission largely ignores the requisite components. Instead, both sides spend several pages recounting acrimonious interactions between counsel which are of no use to the Court in resolving the pending disputes. It is not until the closing paragraph on page 7 that categories of disputed requests are even identified. As such, the Submission is a missed opportunity by both sides to inform the Court of the basis for and objections to the disputed categories of discovery requests. Similarly, the summary chart, intended to be merely a summary of the positions set forth in the Submission for the convenience of the Court, is replete with

---

"Requests for Intervention During a Discovery Event" such as a deposition. It does not apply to disputes for which a joint submission has been filed. Plaintiff's counsel must take care in reading the Local Rules.

argument which should have appeared in the Submission.  The Parties are **ORDERED** to read with care the Court's standing order and to ensure that any future submissions comply with it.

**SO ORDERED.**

Dated: August 2, 2024

SUSAN VAN KEULEN
United States Magistrate Judge