UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RUSSO,<br><br>         Plaintiff,<br><br>    v.<br><br>FEDERAL MEDICAL SERVICES, INC., et. al.,<br><br>         Defendants. | Case No. 24-cv-00748<br><br>**ORDER ON MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 45, 48 |

This is an employment case brought by Alexander Russo against two of his former employers and several associated individuals. Two sets of defendants have moved to dismiss Mr. Russo's claims: first, Federal Medical Services, Inc. (hereinafter "Federal Medical") and Jim Slattery, the company's CEO; and second, Ben Fitzgerald Real Estate Services, LLC (hereinafter "Ben Fitzgerald"); Jerry Tate, the company's owner; and Abigail Woulfe, Mr. Russo's supervisor at both firms. For the reasons set forth below, the Federal Medical defendants' motion is denied and the Ben Fitzgerald defendants' motion is denied except as to the claims against Mr. Tate.

**I.  Background**

The following allegations from the complaint are accepted as true in resolving the motions.

Mr. Russo began working as a janitor in May 2019. He worked in Menlo Park and Palo Alto, California and his supervisor was Ms. Woulfe. He was employed at first by Ben Fitzgerald. In August 2019, "unbeknownst" to Mr. Russo, he began working for Federal Medical. Ms. Woulfe remained his supervisor.

Mr. Russo regularly worked more than eight hours per day and/or 40 hours per week while employed by Ben Fitzgerald and Federal Medical. The companies failed to pay him the required

minimum and overtime wages for the hours he worked. They also failed to provide Mr. Russo with the meal and rest breaks to which he was entitled, nor did they provide him itemized wage statements as required by California law. Ms. Woulfe told Mr. Russo several times that there would be no overtime or pay raises issued.

Mr. Slattery is the CEO and owner of Federal Medical and Mr. Tate is the CEO and owner of Ben Fitzgerald. According to the complaint, Ms. Woulfe was a "managing agent" for both Federal Medical and Ben Fitzgerald and was Mr. Russo's supervisor during his employment by each company. Mr. Russo alleges that both Mr. Slattery and Ms. Woulfe "(1) had the power to hire and fire employees; (2) supervised or controlled [Mr. Russo's] work schedules or conditions of employment; (3) determined the rate and or method of compensation to [Mr. Russo] for hours worked and/or; (4) maintained employment records." Third Amd. Compl., Dkt. No. 36, ¶¶ 62, 63. The complaint does not include similar allegations against Mr. Tate.

Mr. Russo filed this action in California state court on October 9, 2024. Another defendant (since voluntarily dismissed) removed it to this Court. Mr. Russo later filed the operative third amended complaint. He asserts six causes of action under the California Labor Code, the California Unfair Competition Law, and the federal Fair Labor Standards Act. The Federal Medical defendants and the Ben Fitzgerald defendants then filed motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standards

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." A complaint must "plausibly suggest" entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). It must also give "fair notice" and "enable" the defendant "to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading cannot be "so vague or ambiguous" that an opponent "cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

A complaint that does not state a claim upon which relief can be granted can be dismissed under Rule 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at

2

678. Legal conclusions must be "supported by factual allegations." *Id.* at 679. The Court must "accept all factual allegations" and "construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

**III.   Analysis**

  **A.   The California Labor Code Claims Are Adequately Pleaded Except as to Mr. Tate.**

Mr. Russo asserts several claims against all of the defendants under the California Labor Code and applicable California Industrial Welfare Commission (IWC) orders, including that he was not paid the minimum wages owed to him, that he was not paid the overtime wages owed to him, that he did not receive required meal and rest breaks, and that he did not receive itemized wage statements. The last claim is brought only against Federal Medical, Mr. Slattery, and Ms. Woulfe.

The substantive requirements on which Mr. Russo bases his claims are set forth in various provisions of the California Labor Code and IWC wage orders. *See* Cal. Labor Code §§ 1194, 1197 (minimum wage); *Id.* §§ 510, 1194 (overtime); *Id.* §§ 226.7, 512 (meal and rest breaks); *Id.* § 226 (wage statements). Other sections provide for civil penalties, restitution, and liquidated damages "equal to the wages unlawfully unpaid and interest thereon." *See id.* §§ 1194.2, 1197.1. Wage and work-hour-related regulations applicable to different professions are set forth in IWC wage orders. Mr. Russo asserts that he is subject to Wage Order 9-2001, which regulates wages, hours, and working conditions in the transportation industry.

Section 558.1 of the Labor Code provides a cause of action that makes liable "any employer or other person acting on behalf of an employer" who "violates, or causes to be violated," the wage and hour regulations set forth in an IWC wage order or Labor Code "Sections 203, 226, 226.7, 1193.6, 1194, or 2802." Section 558 provides for civil penalties for the same violations. To state a minimum wage claim, a plaintiff must demonstrate that the substantive violation was committed or caused by an "employer" or any "other person acting on behalf of an employer."

Mr. Russo alleges that throughout his employment with both Ben Fitzgerald and Federal

3

Medical, the organizations failed to pay him minimum wages for the hours he worked, failed to pay him the overtime wages owed to him, failed to afford him the required meal and rest breaks, and did not provide him with proper wage statements. Defendants do not argue that these allegations, taken as true, fail to establish the Labor Code violations Mr. Russo alleges. Instead, defendants raise three other challenges. First, the individual defendants argue that the complaint does not state a claim against them individually. Second, Ben Fitzgerald, Mr. Tate, and Ms. Woulfe argue that the claims against them are time barred. Finally, Federal Medical and Mr. Slattery argue the complaint's collective assertion of these claims against all defendants is presented in an impermissible group pleading. These arguments are addressed in turn.

### 1. The Complaint Adequately Pleads Individual Liability as to Mr. Slattery and Ms. Woulfe but not as to Mr. Tate.

Section 558.1(a) of the California Labor Code makes liable "any employer, or other person acting on behalf of an employer, who violates or causes to be violated" IWC wage and hour regulations and Labor Code "Sections 203, 226, 226.7, 1193.6, 1194, or 2802." Subsection (b) defines "other person acting on behalf of an employer" as "a natural person who is an owner, director, officer, or managing agent of the employer." Because Section 558.1(a) liability extends only to people acting on an employer's behalf who "violate[] or cause[] to be violated" the specified employment laws and regulations, stating a claim against an individual requires alleging that the individual was personally involved in the employer's violation. *See, e.g.*, *Usher v. White*, 64 Cal. App. 5th 883, 896–97 (2021).

For individual liability to be pleaded, the employer's alleged violations must fall within the purview of Section 558.1. The Ben Fitzgerald defendants argue that this section does not provide for individual liability of alleged violations of Sections 510, 512, and 1197 because they are not mentioned in Section 558.1(a) and do not separately provide for individual liability. This argument fails because Sections 1194 and 226.7, which are both listed in Section 558.1(a), mandate compliance with Sections 510, 512, and 1197. Section 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare

4

1  Commission, the Occupational Safety and Health Standards Board, or the Division of
2  Occupational Safety and Health." Cal. Lab. Code § 226.7(b). Section 512 sets forth a statutory
3  meal period requirement, so a violation of its requirements also violates Section 226.7. Similarly,
4  Section 1194 provides employees paid "less than the legal minimum wage or the legal overtime
5  compensation" with a civil cause of action to recover those wages. Cal. Lab. Code § 1194.
6  Sections 510 and 1197 establish statutory overtime and minimum wage requirements, and thus
7  define (in part) the "legal minimum wage or the legal overtime compensation" whose nonpayment
8  is actionable under Section 1194. Because all of Mr. Russo's Labor Code causes of action are
9  either directly referenced in Section 558.1(a) or incorporated into the provisions referenced
10 therein, violations of any of those Labor Code provisions are actionable under Section 558.1(a).

The sole question, then, is whether Mr. Russo has adequately pleaded his claim against the individual defendants. The Court concludes that he has done so as to Mr. Slattery and Ms. Woulfe but not as to Mr. Tate.

As an initial matter, all three individual defendants are clearly alleged to be "persons acting on behalf of an employer." Mr. Tate and Mr. Slattery are both alleged to be owners and officers of their respective organizations. Ms. Woulfe, the supervisor, is alleged to have been a managing agent at both organizations. Mr. Russo also adequately pleads that both Mr. Slattery and Ms. Woulfe were personally involved in the alleged violations by his employers. He alleges that both Mr. Slattery and Ms. Woulfe had the authority to hire and fire employees, set work schedules and conditions, determine compensation rates and methods, and maintain employment records. Taking these allegations as true and drawing all reasonable inferences in Mr. Russo's favor, the complaint plausibly suggests that both Mr. Slattery and Ms. Woulfe were personally involved in the wage-and-hour violations Mr. Russo claims he faced while employed at Federal Medical and Ben Fitzgerald.

By contrast, Mr. Russo does not make any factual allegations about Mr. Tate's role in any violations Mr. Russo experienced while employed by Ben Fitzgerald beyond claiming that Mr. Tate is its CEO and owner. While these allegations demonstrate that Mr. Tate is a "person acting on behalf of" Ben Fitzgerald, they do not suggest that Mr. Tate made decisions about wages,

5

working conditions, or other similar matters that led to the alleged violations. The complaint therefore does not plausibly allege that Mr. Tate violated or caused to be violated the minimum wage provisions at issue. Accordingly, the Section 558.1 claim against Mr. Tate is dismissed with leave to amend.

### 2. Ben Fitzgerald Cannot Establish Based on the Complaint that Mr. Russo's Claims Are Time Barred.

The statute of limitations applicable to Mr. Russo's minimum wage claims against the Ben Fitzgerald defendants is at most four years. Cal. Bus. & Prof. Code § 17208.

A statute of limitations provides an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). To establish a statute of limitations defense at this stage defendants must show, based on the pleadings alone, that there can be no factual dispute that the claims are time barred. If the "asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 603 n.8 (9th Cir. 2018).

To establish beyond factual dispute that Mr. Russo's claims against them are time barred, the Ben Fitzgerald defendants need to show that the complaint unquestionably demonstrates that the statute of limitations had run before Mr. Russo filed this action. The Ben Fitzgerald defendants assert that paragraphs 21 and 22 of the complaint demonstrate that Mr. Russo stopped working for Ben Fitzgerald by August 9, 2019—more than four years before Mr. Russo filed his initial complaint in this case on October 9, 2023. These paragraphs read in full:

> 21. On or about May 27, 2019, Plaintiff began employment with Ben Fitzgerald as a janitor at a rate of $16.28 per hour.
>
> 22. On or about August 9, 2019, unbeknownst to Plaintiff, he began working for Fed Med, remaining supervised by Woulfe

The Ben Fitzgerald defendants may ultimately be correct that Mr. Russo's employment at Ben Fitzgerald ended in August 2019. But based on Mr. Russo's complaint alone, this conclusion

1  requires drawing an inference against Mr. Russo—namely, that his employment by Ben Fitzgerald
2  *ended* when he began working for Federal Medical. The Court cannot draw such inferences in the
3  defendant's favor when resolving a Rule 12(b)6) motion. Accordingly, the Ben Fitzgerald
4  defendants cannot establish, based on the complaint alone, that Mr. Russo's claims against Ben
5  Fitzgerald, Mr. Tate, and Ms. Woulfe are time barred.

### 3. The Collective Allegations Provide Sufficient Notice.

Mr. Russo's complaint makes several allegations against all "Employer Defendants." Federal Medical and Mr. Slattery argue that this constitutes impermissible "group pleading" that does not provide them with adequate notice of the factual basis for the claims against them.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This statement must provide each defendant with fair notice of the allegations made against them so that they can defend themselves effectively. Undifferentiated group pleading that does not "indicate which individual defendant or defendants were responsible for which wrongful act" is impermissible under Rule 8 because it fails to provide such notice. *See In re Sargent Tech, Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). Collective allegations can be sufficient, however, if the claims involve actors engaged in the same or similar conduct. *See, e.g.*, *EcoHub, LLC v. Recology*, 2023 WL 6725632, at *21 (N.D. Cal Oct. 11, 2023) (finding that undifferentiated group pleading is only a problem when the number of defendants is very large, as in *Corazon*, and the pleading involved almost no differentiating allegations). "'[G]roup pleading' is not fatal as long as the complaint gives defendants fair notice of the claims against them." *Id.* at *6.

Mr. Russo's complaint provides adequate notice under Rule 8. First, for each employer, grouping the employer and the associated individuals is permissible because the relevant provisions in the Labor Code provide that both the employer and people acting on the employer's behalf can be liable for the violations at issue.

Second, as between the Federal Medical and the Ben Fitzgerald sets of defendants, Mr. Russo alleges that he was at some point employed by each organization but that his employment changed around August 2019, "unbeknownst" to him. In this context, Mr. Russo's collective

allegations are clear enough to enable the respective sets of defendants to defend against his claims. Mr. Russo's complaint outlines violations that continued throughout his employment at the two organizations. Exactly when Mr. Russo was employed by each organization is not entirely clear from the complaint, but that information can be revealed through discovery (and in any case should already be known to defendants). The question of timing is not central to the nature of Mr. Russo's claims and the unclarity regarding timing does not mean that the complaint fails to provide defendants adequate notice of Mr. Russo's claims against each set of defendants.

### B. The Federal Overtime Claim Against Federal Medical, Mr. Slattery, and Ms. Woulfe Is Adequately Pleaded.

Mr. Russo's second claim is that he was not paid the overtime wages due to him under federal law. He asserts this claim against Federal Medical, Mr. Slattery, and Ms. Woulfe. The defendants contend that the complaint does not state a claim for individual liability against Mr. Slattery and Ms. Woulfe.

The Fair Labor Standards Act (FLSA) of 1938 provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee…." *Id.* § 203(d).

The allegations that demonstrate that Mr. Slattery and Ms. Woulfe are "other persons acting on behalf of an employer" under Section 558.1 of the California Labor Code similarly show that both Mr. Slattery and Ms. Woulfe acted either directly or indirectly in the interest of Federal Medical in relation to its employees because they allegedly had control over wage-related decisions. Mr. Russo has thus sufficiently pleaded individual FLSA liability against Mr. Slattery and Ms. Woulfe. The defendants' motion to dismiss the FLSA claim is denied.

8

### C. The UCL Claim Is Adequately Pleaded Against All Defendants Except Mr. Tate.

Mr. Russo's final claim is for a violation of the California Unfair Competition Law (UCL) predicated on the unlawful and/or unfair practices alleged in the previous claims. The UCL authorizes equitable relief against "any person who engages, has engaged, or proposes to engage in unfair competition." Cal. Bus. & Prof. Code § 17203. "Unfair competition" includes "any unlawful, unfair, or fraudulent business act or practice." *Id.* § 17200. The term "person" includes "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." *Id.* § 17201. The statute of limitations is four years. *Id.* § 17208.

The UCL's "unlawful" prong creates a derivative cause of action where "the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Beaver v, Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir, 2016) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180). "[U]nlawful business activity includes 'anything that can properly be called a business act that at the same time is forbidden by law.'" *Rakofsky v. Mercedez-Benz USA, LLC*, 2024 WL 1329923, at *6 (N.D. Cal. Mar. 27, 2024) (quoting *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992)). Thus, "a UCL claim generally accrues when each of the elements of the [underlying] cause of action is satisfied." *Id.*

The Ben Fitzgerald defendants' statute of limitations claim fails for the same reasons discussed above: the complaint does not unquestionably demonstrate that the applicable statute of limitations has run.

The Federal Medical defendants' assertion that the complaint relies on impermissible group pleading also fails for the same reasons above. The "unlawful business acts or practices" they are alleged to have committed are the Labor Code and FLSA violations that were not impermissibly pleaded.

Defendants also argue that the complaint does not establish individual liability. This argument succeeds only as to Mr. Tate. Individual liability for agents and managers of a corporation is permitted by the UCL as long as the underlying cause of action can be alleged against them. *See Toranto v. Jaffurs*, 297 F.Supp.3d 1073, 1105-1106 (S.D. Cal 2018) (declining

9

to dismiss claims under the "unlawful" prong of the UCL because a Sherman Act violation had been adequately pleaded against the individual defendant). Because the Labor Code and FLSA violations are adequately pleaded against Mr. Slattery and Ms. Woulfe, the UCL claim is adequately pleaded against them. The UCL claim against Mr. Tate is dismissed.

## IV. Conclusion

Mr. Russo's claims against Mr. Tate are dismissed with leave to amend. The motions to dismiss are otherwise denied. An amended complaint, if Mr. Russo chooses to file one, will be due August 29, 2024.

**IT IS SO ORDERED.**

Dated: August 9, 2024

P. Casey Pitts
United States District Judge