Zac Stoltz (SBN 341232)
zstoltz@goldbergloren.com
James Loren, (*pro hac vice*) (SBN 55409)
jloren@goldbergloren.com
**GOLDBERG & LOREN, P.A.**
2416 W Shaw Ave.
Suite 114
Fresno, CA 93711
Phone: (800) 719-1617 EXT 2161
Fax: (888) 272-8822

Attorneys for Plaintiff ALEXANDER RUSSO

**UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ALEXANDER RUSSO, an individual,

Plaintiff,

vs.

FEDERAL MEDICAL SERVICES, INC., a Texas Corporation; BEN FITZGERALD REAL ESTATE SERVICES, LLC, a Texas Corporation; JIM SLATTERY, an Individual; ABIGAIL WOULFE, an Individual; JERRY TATE, an Individual, and DOES 1-25, inclusive.

Defendants.

Case No.: 5:24-cv-00748-PCP

*Assigned for Discovery Disputes to the Honorable Susan van Keulen.*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ**

*[Proposed Order; and Exhibits filed concurrently herewith.]*

Hearing Date: Nov. 5, 2024
Hearing Time.: 10:00 am
Courtroom: 6, 4th Fl.

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on Tuesday, November 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 (4th Floor) of the above-entitled Court, located at San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Plaintiff Alexander Russo ("Plaintiff") will, and hereby does, move for an Order to Quash and/or Modify Defendants Federal Medical Services, Inc., Jim Slattery, and Abigail Woulfe's (collectively, "Defendants") Subpoenas for Prior Employment Records from Plaintiffs' former employers: Santa Clara Marriott, Signature Facilities Services, and Warner Pacific University, pursuant to Civil Local Civil Rules 7-1,7-2, 7-5, 7-8, and Hon. Susan Van Kuelen's Standing Orders.

Plaintiff an order quashing/modifying Defendants subpoenas, and seeks sanctions in the amount of $4,200.00 as reasonable attorney's fees incurred with bringing this Motion. Plaintiff seeks issuance of these sanctions against Defendants and/or Defendant's counsel, Jose A. Cordova, jointly and severally. These subpoena may be quashed/modified pursuant to Federal Rule of Civil Procedure 45(d)(3)(i,iii-iv), and sanctions are authorized by Federal Rule of Civil Procedure 45(d)(1).

This Motion will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed order, and exhibits thereto, as well as upon any reply briefing and oral argument at the hearing on this matter, as well as all records relating to this matter previously filed in this Court.

DATED: September 24, 2024

Respectfully submitted,
**GODLBERG & LOREN, P.A.**

By: ______________________
Zachary Stoltz
James Loren
Attorneys for Plaintiff
ALEXANDER RUSSO

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

## TABLE OF CONTENTS

**I. INTRODUCTION ………………………………………………………….. pg. 6**

**II. STATEMENT OF FACTS ………………………………………………… pg. 7**

**a. Basis Of Mr. Russo's Complaint ………………………………………. pg. 7**

**b. Subpoenas Issued for Mr. Russo's *Past* Employment Records ………… pg. 8**

**c. Mr. Russo's Efforts to Informally Resolve This Dispute ……………….. pg. 9**

**III. LEGAL ARGUMENT …………………………………………………… pg. 11**

**a. To Court Has Authority To Quash Or Modify The Subpoenas ………... pg. 11**

**b. Mr. Russo's Employment Records Are Protected By The Constitutional Right To Privacy ……………………………………….. pg. 12**

**c. Defendants Bear The Heavy Burden Of Showing That The Records Sought Are Directly Relevant To The Action And Essential To Its Fair Resolution, and That The Scope Of The Disclosure Is No More Intrusive Than Necessary ……………………….. pg. 14**

**d. Defendants Have Not Attempted To Obtain Relevant Information Through Less Intrusive Means ……………………………. pg. 14**

**e. The Items Defendants Seek Are Well Beyond Just the Personnel File, Which In Itself Is Unreasonable Due To Mr. Russo Not Opening The Door About Prior Employment, But The Additional Items, Tax Returns, Accident Reports, And Disability Claims Suggest Defendants' Lackadaisical View Of Privacy Rights ……………………………………………… pg. 15**

**IV. CONCLUSION ……………………………………………………………. pg. 16**

## TABLE OF AUTHORITIES

***Cases***

*Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 524 .......... 11

*Britt v. Superior Ct.* (1978) 20 Cal. 3d 844, 859–862 .......... 11

Cal. Const. Art. I, §1 .......... 9

Davis, supra, 7 Cal. App. 4th at 1017-1018. .......... 10

Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). .......... 9

*Garrett v. Young, (2003) 109 Cal. App. 4th 1393.* .......... 13

*Griswold v. Connecticut* (1965) 381 U.S. 479, 484. .......... 9

*Guinn v. Walt Disney Co.* (C.D.Cal. Aug. 31, 2023, No. CV 22-7770 DSF (PVCx)) 2023 U.S.Dist.LEXIS 237966, at *22 .......... 10

*Harding Lawson Associates v. Superior Court* (1992) 10 Cal.App.4th 7 .......... 9

*Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 665 .......... 11

*Luck v. Univ. of San Diego* (S.D.Cal. Oct. 3, 2014, No. 13cv3088 JLS (BGS)) 2014 U.S.Dist.LEXIS 173253 .......... 8

*Luck v. Univ. of San Diego* (S.D.Cal. Oct. 3, 2014, No. 13cv3088 JLS (BGS)) 2014 U.S.Dist.LEXIS 173253, at *8 .......... 8

*Olympic Club v. Superior Court*, 229 Cal. App. 3d 358, 363 .......... 12

*Pettus, v. Cole, (1996) 49 Cal. App. 4th 402* .......... 13

*Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal.App.4th 347, 357. .......... 9

*Puerto v. Superior Court* (2008) 158 Cal.App.4th 1242, 1252-1253 .......... 9

*Schnabel v. Sup.Ct. (Schnabel*) (1993) 5 C4th 704, 714–715] .......... 13

See Britt, supra, 20 Cal. 3d at 864 .......... 10

*Tylo v. Superior Court*, (1997) 55 Cal.App.4th 1379, 1387. .......... 10

*Valley Bank of Nevada v. Sup.Ct. (Barkett)* (1975) 15 C3d 652, 655–656 .......... 13

*Vinson v. Superior Court* (1987) 43 Cal.3d 833, 842. .......... 10

***Statutes***

*Cal Civ Code Section 56, et seq* .......... 13

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ

CASE NO. 5:24-CV-00748-PCP

*Cal Labor Code Section 3762* .......... 13

Fed.R.Civ.P 26(b)(1) .......... 9

Fed.R.Civ.P 45(3)(A)(iii-iv) .......... 9

Federal Rules of Civil Procedure 26 .......... 9

California Code of Civil Procedure section 1985.6(f)(1) .......... 9

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Mr. Russo filed an action against his current employer, containing: (1) Failure to pay minimum wage compensation for all hours worked in violation of California Labor Code §§ 558, 558.1, 1194.2, 1197, and 1197.1 and the applicable IWC Wage Orders, (2) Failure to pay overtime in violation of Fair Labor Standards Act, 29 U.S.C. §207, (3) Failure to pay overtime in violation of California Labor Code § 510, 558, 558.1, 1194, 1194.2, and 1197.1 and the applicable IWC Wage Orders, (4) Failure to provide and/or authorize meal periods and rest periods/unpaid wages in violation of California Labor Code § 226.7, 512 and the applicable IWC Wage Order, (5) Failure to provide accurate itemized wage statements in violation of California Labor Code § 226, and (6) Unlawful and/or unfair business practices in violation of California Business & Professions Code § 172200, et seq. Defendants issued far-reaching subpoenas covering every aspect of Mr. Russo's employment with three prior employers (Santa Clara Marriott; Signature Facilities Services; and Warner Pacific University), mainly for the stated purpose of attempting to see what the information sought "may" reveal.

It is well established that employment records are within a constitutionally protected zone of privacy. Under the circumstances of this case, Defendants have the burden to show that the employment records sought by the subpoenas are directly relevant to Mr. Russo's claims and essential to the fair resolution of the lawsuit. Moreover, even when discovery of private information is found to be directly relevant to the issues of ongoing litigation, it will not be automatically allowed. There must then be a careful balancing of the compelling public need for the discovery against the fundamental right of privacy. And, "if the intrusion of the right of privacy is deemed necessary under the circumstances of a particular case, any such intrusion should be the minimum intrusion necessary to achieve its objective.

In this case, Defendants have failed to meet their burden of establishing the direct relevance of all documents contained in Mr. Russo's personnel files from three past employers to any claims

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

in this case. On September 20, 2024, Defendants served subpoenas on September 20th with a production date of October 8th. (*See* Stoltz Decl. ¶ 3; Exhibits 1-3) In response, Mr. Russo's counsel immediately sent a request to withdraw the subpoenas as no time was allowed for the parties to meet and confer over their contents. Defendants refused. (*See* Stoltz Decl. ¶ 5; Exhibits 4)

The subpoena issued expressly sought "all time and payroll records "of Mr. Russo. In addition, the information sought Mr. Russo's "complete personnel file." This broad request for information pertaining to Mr. Russo's prior employment is not reasonably calculated to lead to admissible evidence in this matter. Defendants did not provide a valid reason why there was a need to obtain this information via subpoena, nor do the pleadings provide adequate basis for such a request.

Defendants have flatly refused to engage in any efforts to meet and confer over this subject and/or withdraw their subpoena. If Defendants had attempted to provide a basis as to why the information sought was relevant and necessary in either meet and confer efforts over their document requests, and/or, propounded specific requests for production, Plaintiff may have even agreed to produce such documents through less intrusive means. Defendants did not. Instead, Defendants unilaterally sought ALL of Mr. Russo's employment records, without limitation, and refused to withdraw their subpoena.

California law is clear that Mr. Russo has a Constitutional right to privacy, and that the records sought by the subpoenas implicate that right – which is not waived by bringing a lawsuit. Furthermore, the Courts have addressed this issue before: Defendants have not, and cannot, even articulate any basis for the need of these records, let alone show that they have a compelling need for the information. As such, the subpoenas issued for Mr. Russo's past employment records should be quashed in their entirety.

## II. STATEMENT OF FACTS

### A. Basis Of Mr. Russo's Complaint

Mr. Russo alleges that he was not paid properly during his employment with Defendants.

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

Mr. Russo never alleged anything regarding his prior employment, nor would any aspect of his personnel file be illustrative as to why Defendants failed to pay Mr. Russo wages under the law.

On April 4, 2024, Plaintiff filed suit against Defendants alleging causes of action for: (1) Failure to pay minimum wage compensation for all hours worked in violation of California Labor Code §§ 558, 558.1, 1194.2, 1197, and 1197.1 and the applicable IWC Wage Orders, (2) Failure to pay overtime in violation of Fair Labor Standards Act, 29 U.S.C. §207, (3) Failure to pay overtime in violation of California Labor Code § 510, 558, 558.1, 1194, 1194.2, and 1197.1 and the applicable IWC Wage Orders, (4) Failure to provide and/or authorize meal periods and rest periods/unpaid wages in violation of California Labor Code § 226.7, 512 and the applicable IWC Wage Order, (5) Failure to provide accurate itemized wage statements in violation of California Labor Code § 226, and (6) Unlawful and/or unfair business practices in violation of California Business & Professions Code § 172200, et seq. [D.E. 36]

**B. Subpoenas Issued for Mr. Russo's *Past* Employment Records**

On September 20, 2024, *prior to even propounding any further discovery or taking Mr. Russo's deposition,* Defendants issued subpoenas to three of Mr. Russo's former employers, requesting any and ALL records relating to Mr. Russo's employment *prior to his employment with Defendants* **without any limitation as to scope or time, or any other restriction whatsoever. And more than just the personnel records!**

The deposition subpoenas were issued to: (1) Santa Clara Marriott; (2) Signature Facilities Services; and (3) Warner Pacific University (hereinafter collectively referred to as "Witnesses"), and are identical in the requests for records, seeking:

1. **All time and payroll DOCUMENTS for Alexander Russo (DOB 12-26-56).**

    a. **The term "DOCUMENT" or "DOCUMENTS" shall have the broadest meaning possible, including, but not limited to, all electronic, written or printed matter,**

**information, communication, or data of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any interlineation, receipt stamp, indication of copies sent or received, or other notation made on such copies or otherwise) including without limitation correspondence, memoranda, e-mail, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modification, changes and amendments of any of the foregoing, and all graphic or manual records or representations of any kind, including without limitation, digital images, photographs, microfiche, microfilm, videotape, records and motion pictures, and electronic, mechanical, or electric records or representations of any kind including, without limitation, information on servers, hard drives, diskettes, CD-ROMs, DVDs, tapes, cassettes, discs, magnetic cards and recordings, and shall also include but not be limited to anything and everything that would fall within the definition of "writing" as used in the FRCP.**

**2. Alexander Russo's complete personnel file including, but not limited to Mr. Russo's employment application and dates of employment.**

### C. Mr. Russo's Efforts to Informally Resolve This Dispute

Pursuant to The United States District Court, Northern District of California L.R. Rule 7-1, and Judge van Keulen's Standing Order, Mr. Russo's counsel has met and conferred prior to filing a

9

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

motion to quash the subpoena for Mr. Russo's Personnel File, including private employment records, as is required with other discovery motions. Mr. Russo's counsel contacted defense counsel on September 20, 2024, and asked them to withdraw the subpoenas so that the parties could meet and confer further. Mr. Russo's counsel specifically noted that a specific showing as to the subpoena's relevance was necessary, citing authority from *Luck v. Univ. of San Diego* (S.D.Cal. Oct. 3, 2014, No. 13cv3088 JLS (BGS)) 2014 U.S.Dist.LEXIS 173253, at *8. (*See* Stoltz Decl. ¶ 7; Exhibits 5) On September 23, Defendant's counsel stated, without additional support, that the documents were narrowly tailored, relevant to the case, and relevant to whether Plaintiff falsified time records, lied about the hours worked, or was terminated for lying about the hours he worked. (*See* Stoltz Decl. ¶ 9; Exhibits 6). On September 23, 2024, perplexed, as none of these issues were alleged in the Complaint, nor has any cross-complaint been flied, nor answer to the Complaint or affirmative defense raised, Mr. Russo's counsel revisited the issue once more in a telephonic meet and confer conference that same day with Defendant's counsel. Defendants' counsel restated the same position and refused to withdraw the subpoenas. Shortly after the call, Mr. Russo's counsel sent a follow-up email confirming Defendants' position. (*See* Stoltz Decl. ¶ 11; Exhibits 7). Defendants' counsel did not respond.

Defendants refusal to withdraw the subpoenas or meet and confer over their contents suggests that such subpoenas were only sent to harass and humiliate Mr. Russo. Further, Mr. Russo's counsel asked Defendants to directly describe how said items were relevant to the claims or defenses in the litigation in order to attempt to devise a narrowed scope that would not encompass all records.

Mr. Russo's counsel received correspondence on September 23, 2024, from Defense Counsel, whereby Defendants' counsel stated that the documents requested in the subpoena were narrow and relevant to the case.

On their phone call, Defendants stated that they would not withdraw the subpoena and that they believed that the documents were narrow in scope and relevant to the issues at hand. Mr. Russo

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

reminded Defendants that they had still not filed an answer to the Complaint, leaving Mr. Russo perplexed as to what issues outside the Complaint Defendant may be raising. When pressed on the issue of whether the information sought was overbroad, Defendant reiterated their position that they were entitled to the information sought because they believed it was relevant to the issues in the case.

Pursuant to Defendants' refusal to address the issues outlined, meet and confer further, and/or withdraw the subpoena, Mr. Russo's was forced to bring this instant motion.

## III. LEGAL ARGUMENT

### A. To Court Has Authority To Quash Or Modify The Subpoenas

Federal Rules of Civil Procedure 26 and 45 provide governance over discovery and/or the subpoena of non-parties. A subpoena may require the production of documents which are not subject to privilege, and "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P 26(b)(1). A parties' standing to challenge the subpoena arises, "where its challenge asserts that the information is privileged or protected to itself." (*Luck v. Univ. of San Diego* (S.D.Cal. Oct. 3, 2014, No. 13cv3088 JLS (BGS)) 2014 U.S.Dist.LEXIS 173253, at *4.) A court has the authority to issue orders controlling discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including orders that require that certain "discovery not be had" or that "confidential... information not be revealed." Fed.R.Civ.P 26 (c); see also Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). Pursuant to FRCP Rule 45, a court may quash or modify a subpoena that requires the disclosure of privileged or protected matter, if no exception or waiver applies; or subjects the person to undue burden. Fed.R.Civ.P 45(3)(A)(iii-iv).

### B. Mr. Russo's Employment Records Are Protected By The Constitutional Right To Privacy.

Mr. Russo, a California resident, has an inalienable right of privacy in his employment records. (Cal. Const. Art. I, §1; *Puerto v. Superior Court* (2008) 158 Cal.App.4th 1242, 1252-1253

(disclosure of information in personnel files requires balancing of competing interests); *Harding Lawson Associates v. Superior Court* (1992) 10 Cal.App.4th 7 [personnel files].) This right to privacy is also guaranteed by the United States Constitution. (*Griswold v. Connecticut* (1965) 381 U.S. 479, 484.) These provisions create a zone of privacy which protects against unwarranted compelled disclosure of certain private information. (*Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal.App.4th 347, 357.) On several occasions, Courts have addressed an employee's right Right to Privacy in personnel records "…it is well settled that privacy interests extend to personnel records, which include files "that the employer maintains relating to the employee's performance or to any grievance concerning the employee." (*Guinn v. Walt Disney Co.* (C.D.Cal. Aug. 31, 2023, No. CV 22-7770 DSF (PVCx)) 2023 U.S.Dist.LEXIS 237966, at *22.) An employee's confidential employment information, including performance evaluations, compensation, appears to be subject of a significant privacy interest. *Id* at *23.

**C. <u>Defendants Bear The Heavy Burden Of Showing That The Records Sought Are Directly Relevant To The Action And Essential To Its Fair Resolution, and That The Scope Of The Disclosure Is No More Intrusive Than Necessary</u>.**

Defendants have the burden to show that the requested materials are, "directly relevant to the Mr. Russo's claim and essential to the fair resolution of the lawsuit." *Vinson v. Superior Court* (1987) 43 Cal.3d 833, 842. Employment records require a specific showing by a defendant as to their relevance, before they are deemed discoverable. (*Luck v. Univ. of San Diego* (S.D.Cal. Oct. 3, 2014, No. 13cv3088 JLS (BGS)) 2014 U.S.Dist.LEXIS 173253, at *8.). When a party seeks to discover employee personnel files, the production may be narrowly tailored in order to balance the needs of the case against the party's reasonable expectation of privacy. *Id at *9.)* In order to ensure that any compelled disclosure of private information is only as broad as is required by the countervailing state interest, such information is given special protection against civil discovery. "While the filing of [a] lawsuit by [a plaintiff] may be something like issuing a fishing license for discovery, as with a fishing

12

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

license, the rules of discovery do not allow unrestricted access to all species of information." (*Tylo v. Superior Court,* (1997) 55 Cal.App.4th 1379, 1387.) Speculation that records may contain relevant material is insufficient. Davis, supra, 7 Cal. App. 4th at 1017-1018.

It is well established that a plaintiff retains his right to privacy in matters that he has not placed at issue in his lawsuit. (See Britt, supra, 20 Cal. 3d at 864.) While a plaintiff may not withhold information that relates to a matter that he has placed at issue, he is entitled to maintain the confidentiality of all unrelated, private information. (See Id.) Thus, "[a]n implicit waiver of a party's constitutional rights encompasses only discovery directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit." (Davis, supra, 7 Cal.App.4th at 1014.)

ii. *The Subpoena Does Not Seek Information Directly Relevant to the Issues In This Action*

Mr. Russo does not, by bringing a lawsuit alleging that Defendant failed to pay him in accordance with both state and federal wage laws, place all aspects of his prior employment at issue, or for that matter, even all aspects of employment outside of his employment with Defendant at issue. In the present lawsuit, Mr. Russo, who, as of writing this, is still employed by Defendants, contends that Defendant engaged in numerous violations of wage theft. Therefore, Mr. Russo's prior employment and subsequent career training has no bearing on Defendant's payroll practices, Defendant's obligations to track Mr. Russo's hours, or Defendant's obligations to follow both state and federal wage laws. As a result of the limited claims brought by Mr. Russo, he has not placed any other aspects of his employment at issue outside of the context of information that Defendant was not only legally obligated to maintain accurate payroll records as alleged pursuant to California Labor Code § 1174.

iii. *The Subpoena is Not Narrowly Tailored and Therefore Less Intrusive Means are Available*

When a defendant seeks disclosure of presumptively private documents (such as employment records), the general standard of discovery (that the request is reasonably calculated to lead to the

discovery of admissible evidence) does not apply.  (*Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 524.)  Instead, the party seeking the constitutionally protected information has the burden of establishing that the information sought is "directly relevant" to the claims presented and essential to the fair resolution of the lawsuit.  (*Tylo v. Superior Court* (1997) 55 Cal.App.4th 1379, 1387; *Britt v. Superior Ct*. (1978) 20 Cal. 3d 844, 859–862; *Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 665). "The constitutional right of privacy is 'not absolute'; it may be abridged when, but only when, there is a 'compelling' and opposing state interest." (*Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516, 524.)

At this point, Defendants have not even taken Mr. Russo's deposition and both parties agreed to extend the window whereby Defendant could serve discovery requests. [D.E. 84]  They have not attempted to engage in any less intrusive means to obtain the information they claim is relevant, nor have they stated how the employment is relevant to the claims Mr. Russo pled in this action, rather, they seek an unstated period of time, failing to give any indication as to how these records could be remotely relevant to Defendants.  Even more confusing, Mr. Russo did not plead anything relating to his prior employers or other employers, e.g. witnesses in her action. As demonstrated below, Defendants cannot meet their significant burden of justifying their subpoenas to Mr. Russo's former employers, seeking ***every single document*** contained in his personnel file and documents relating to injuries Mr. Russo's application for employment and documents generated or obtained while working for those employers that has nothing to do with anything plead here, regardless of the relevance of the documents to this lawsuit.

### D. Defendants Have Not Attempted To Obtain Relevant Information Through Less Intrusive Means

Generally, information will not be produced if the information sought is available from other sources or through less intrusive means.  The requesting party must show that the information sought cannot "reasonably be obtained through depositions or from non-confidential sources." *Harding Lawson Associates v. Superior Court* (1992) 10 Cal.App.4th 7.  The Court will balance the

interests involved – the claimed right of privacy and the public interest in obtaining just results in litigation. *Olympic Club v. Superior Court* (1991) 229 Cal.App.3d 358, 363-5.

In *El Dorado Savings & Loan Assn. v. Superior Court* (1987) 190 Cal.App.3d 342, an employment discrimination case, unlike this case, which only alleges wage and hour violations, the plaintiff sought disclosure of a male defendant's entire personnel file, claiming that said defendant, Morris, was the only male employed by defendant in the same capacity as the plaintiffs, and that Morris received compensation and benefits not afforded to the plaintiffs. The plaintiffs argued that only through discovery of Morris' personnel file could they "impeach or undermine [El Dorado's] claim and vindicate their civil rights." *Id*. at 345. In finding that disclosure of the entire personnel file was not justified, the Court held that even if it was found that the information contained therein was directly relevant and there are no less intrusive means, "constitutional concerns require a strict circumspection of the scope of the disclosure. [Citation.]" *Id*. at 346.

Despite attempting to use other manners of discovery to determine if there is any relevance to prior employers' of Mr. Russo, Defendants insisted on obtaining all documents contained in Mr. Russo's employment files from past employers, which only seeks to intimidate or harass Mr. Russo. Furthermore, Defendants' subpoenas seek performance evaluations of Mr. Russo, which bolsters this conclusion that such subpoena was only done to harass and intimidate as many leaps of logic are required to connect any aspect of Mr. Russo's performance to the wage and hour allegations set forth in the operative Complaint. [D.E. 36]

**E. The Items Defendants Seek Are Well Beyond Just the Personnel File, Which In Itself Is Unreasonable Due To Mr. Russo Not Opening The Door About Prior Employment, But The Additional Items, Tax Returns, Accident Reports, And Disability Claims Suggest Defendants' Lackadaisical View Of Privacy Rights.**

Defendants are trying for the whole lot in seeking Mr. Russo's complete personnel file and all time and payroll documents, so to speak and none of it should be produced, most certainly not

Financial information, (Financial records pertaining to a party or nonparty are within the zone of privacy. [*See Valley Bank of Nevada v. Sup.Ct. (Barkett)* (1975) 15 C3d 652, 655–656,—borrower suing bank sought disclosure of bank's loan files regarding certain other customers; they were entitled to notice and opportunity to object before the files were discoverable][Tax returns: The right of privacy protects tax returns filed by either a party or nonparties. [*Schnabel v. Sup.Ct. (Schnabel*) (1993) 5 C4th 704, 714–715]. And neither should workers compensation or other disability claims or accident reports. If a current employer where the accident occurred is not entitled to know about the medical information of the injured worker, why here, would a subsequent employer be entitled to any of that? *Cal Labor Code Section 3762; Cal Civ Code Section 56, et seq*; *Pettus, v. Cole, (1996) 49 Cal. App. 4th 402; Garrett v. Young, (2003) 109 Cal. App. 4th 1393.*

## IV. CONCLUSION

Because Defendants cannot meet their burden of demonstrating that Mr. Russo's right to privacy of his past employment records should be disregarded, Mr. Russo respectfully requests that the Court grant his motion in its entirety, and quash Defendant's subpoenas of his past employment records from **(1) Santa Clara Marriott; (2) Signature Facilities Services; and (3) Warner Pacific University.** Mr. Russo further requests an award of monetary sanctions in the amount of $4,200.00 against Defendants and/or their counsel as compensation for the reasonable costs and expenses incurred in connection with the filing of this motion. (*See* Stoltz Decl. ¶ 13-14)

Dated: September 24, 2024

Respectfully Submitted,
**GOLDBERG & LOREN, P.A.**

By: ______________________
Zachary Stoltz
James Loren
Attorneys for Plaintiff
Alexander Russo

16

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

**DECLARATION OF ZACHARY STOLTZ**

I, Zachary Stoltz, hereby declare:

1. I am an attorney licensed to practice in the State of California and an associate at The Law Offices of Goldberg & Loren, P.A., counsel for Plaintiff Alexander Russo.

2. I have personal knowledge of the facts I am hereafter attesting to. This personal knowledge has been attained either by my own observations or the underlying records and documents of this litigation. If called upon to testify as witness to the following statements, I could and would do so truthfully and based upon my personal knowledge, excepting those matters stated upon information and belief, in which case I believe them to be true.

3. On September 20, 2024, Defendants served subpoenas on Plaintiff.

4. Attached hereto as **Exhibit 1-3** is a true and correct copy of Defendants' subpoenas.

5. On September 20, 2024, Mr. Russo's counsel sent Defendants' Counsel a request to withdraw the subpoenas as no time was allowed for the parties to meet and confer over their contents.

6. Attached hereto as **Exhibit 4** is a true and correct copy of Mr. Russo's counsel email in response.

7. On September 20, 2024, Mr. Russo's counsel contacted defense counsel and asked them to withdraw the subpoenas so that the parties could meet and confer further.

8. Attached hereto as **Exhibit 5** is a true and correct copy of Mr. Russo's counsel email to Defendants' Counsel.

9. On September 23, 2024, Defendant's counsel stated that the documents were narrowly tailored and relevant to the case.

10. Attached hereto as **Exhibit 6** is a true and correct copy of Defendants' Counsel email to Plaintiff's Counsel.

11. On September 23, 2024, Mr. Russo's counsel revisited the issue once more in a telephonic meet and confer conference that same day with Defendant's counsel. Defendants'

17

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ
CASE NO. 5:24-CV-00748-PCP

counsel restated the same position and refused to withdraw the subpoenas. Shortly after the call, Mr. Russo's counsel sent a follow-up email confirming Defendants' position.

12. Attached hereto as **Exhibit 7** is a true and correct copy of Mr. Russo's counsel email to Defendants' Counsel following their phone call.

13. My standard hourly billing rate for this matter is $700.00. I have spent (2) hours drafting the motion, one (1) hour creating the table, I also anticipate spending one (1) hour reviewing the opposition, one (1) hours researching, drafting, and revising the reply, and one (1) hour attending and participating in the hearing on this Motion.

14. The total fees and costs incurred in bringing this motion total $4,200.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this September 24, 2024, at Los Angeles, California.

Zachary Stoltz
Attorney for Plaintiff
Alexander Russo

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C. § 2008]

I declare that I am employed in the City and County of Los Angeles, California. I am over the age of eighteen years and not a party to this action. My business address is The Law Offices of Goldberg & Loren, P.A., 2416 W Shaw Ave., Ste. 114, Fresno, CA 93711.

I served the following DOCUMENT entitled: **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY DEFENDANTS' SUBPOENAS FOR PRIOR EMPLOYMENT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZAC STOLTZ**

on the interested parties in this action, as follows:

Jose A. Cordova
Law Office of Jose A. Cordova
One Sansome St., Ste. 3500
San Francisco, CA 94104

Tel: (415) 466-8211
Fax: (415) 276-5880
Email: jac@cordova-lawfirm.com

Frank A. Magnanimo
Fisher & Phillips LLP
21600 Oxnard St., Ste. 650
Woodland Hills, CA 91367

Tel: (818) 230-4250
Fax: (818) 230-4251
Email: fmagnanimo@fisherphillips.com

☐   [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing DOCUMENTS for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within DOCUMENT(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐   [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said DOCUMENT to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said DOCUMENT to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 24, 2024, at Los Angeles, California.

Zachary Stoltz