UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RUSSO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL MEDICAL SERVICES, INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00748-PCP (SVK)<br><br>**ORDER RE PLAINTIFF'S MOTION TO QUASH THIRD PARTY SUBPOENAS**<br><br>Re: Dkt. No. 92 |

　　　The Court is in receipt of Plaintiff's motion to quash subpoenas directed to third parties, Defendants' opposition and Plaintiff's reply. Dkt. 92, 97, 98. Once again, the Parties have failed to comply with the undersigned's standing order regarding civil and discovery referral matters ("Standing Order")[1] which requires parties to present all discovery disputes between them in a joint submission not to exceed ten pages. **The Standing Order provides no exception simply because a party has a permissive right to move to quash under Rule 45(d)(3)(B).** However, in light of the Court's self-interest in judicial efficiency, the Court will make a *rare* exception and rule on the motion before it. Any future discovery motions filed by either Party in violation of the Standing Order will be terminated without a decision.

　　　Having reviewed the Parties' briefing, the relevant litigation history between the Parties and the relevant law, the Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

　　　In dispute are two subpoenas served on prior employers of Plaintiff, Santa Clara Marriott ("Marriott") and Signature Facilities Services ("Signature"), and one subpoena served on Warner

---

[1] https://cand.uscourts.gov/svk-civil-and-discovery-referral-matters-standing-order-june-2024/

Pacific University ("University") which Plaintiff allegedly attended. Dkt. 92-1, Exhibits 1-3. Plaintiff mistakenly argues that Defendants seek employment records pursuant to the University subpoena, although it is clear from the face of Exhibit 3 that Defendants are seeking only *academic* records. As a result of Plaintiff's confusion, he fails to address the production of academic records specifically, although Defendants defend the University subpoena in their opposition. Accordingly, the Court addresses the University subpoena below.

The operative pleading in this case, Plaintiff's Third Amended Complaint, sounds entirely in wage and hour violations. Dkt. 36.[2] Plaintiff asserts, and Defendants do not deny, that Defendants have yet to answer or assert any affirmative defenses. Dkt. 92 at 10. The Marriott and Signature subpoenas are substantively identical, seeking all time and payroll "DOCUMENTS" for Plaintiff, where "DOCUMENT" is defined by an expansive, approximately 150-word definition. Dkt. 92-1 at 7. The Marriott and Signature subpoenas also seek the "complete personnel file" for Plaintiff. *Id*. Plaintiff objects primarily on grounds of privacy. Dkt. 92. Defendants assert that the information sought is relevant to "to determinate (*sic*) the veracity of information Plaintiff provided to Defendant in his application and because Plaintiff's timekeeping and wage practices at his prior employment is directly relevant to his assertions in this case." Dkt. 97 at 2. Defendants attempt to enhance this position by arguing that the documents sought are relevant because "they can lead to after acquired evidence of Plaintiff's misconduct," specifically whether Plaintiff made misrepresentations on his job application for Defendants. Dkt. 97 at 8.

Defendants' proffered justifications for the overbreadth of the Marriott and Signature subpoenas, both as to all DOCUMENTS, as defined, and as to Plaintiff's "complete personnel file" are unfounded and as such are not proportional to the needs of the case. Fed. R. Civ. Proc. 26(b)(1). First, the after-acquired evidence "doctrine," as the Parties' refer to it, is not a license for a discovery fishing expedition. In particular, Defendants offer no colorable grounds upon which Plaintiff's "timekeeping and wage practices" at a prior place of employment would be relevant to *Defendant*s' timekeeping and wage practices, which are the subject of this litigation.

---

[2] Plaintiff's motion to file a Fourth Amended Complaint, which also addresses only wage and hour violations, is pending. Dkt. 58, 96.

United States District Court
Northern District of California

1  Indeed, the only plausibly proportional discovery sought by Defendants might be confirmation of
2  the fact of Plaintiff's prior employments and dates of those employments.  And this information
3  Defendants should be able to obtain with a direct inquiry to those employers for confirmation of
4  Plaintiff's employment dates.  Failing that direct approach, a subpoena limited to that information
5  to determine the veracity of the information Plaintiff provided on his employment application
6  would satisfy the proportionality requirements of Rule 26 without impinging upon Plaintiff's
7  privacy rights.

8  In defending the University subpoena, Defendants argue that they are "entitled to know if
9  the statements Plaintiff made in his employment application concerning his attendance, and his
10 claimed Bachelor of Science degree are true."  Dkt. 97 at 8.  This subpoena adopts the same overly
11 expansive definition as the subpoenas discussed above, in that it first seeks all "DOCUMENTS"
12 that pertain to Plaintiff.  The subpoena then more specifically seeks:

13 2. All DOCUMENTS reflecting dates of attendance for Alexander Russo.

14 3. All DOCUMENTS reflecting academic courses completed by Alexander Russo.

15 4. All DOCUMENTS reflecting degrees awarded to Alexander Russo.

16 Of these, only the fourth category satisfies Defendants' proffered justification for the subpoena.[3]
17 But again, Defendant should be able to obtain confirmation of attendance and degree conferred
18 with a direct inquiry to the university.  If that effort is not successful, then a subpoena limited to
19 just that information would satisfy the proportionality requirements of Rule 26 without impinging
20 upon Plaintiff's privacy rights.

21 The subpoenas as drafted are overbroad, sweeping in vast amounts of irrelevant
22 information, and as such are not proportional to the needs of the case.  Accordingly, **Plaintiff's**
23 **motion is quash is GRANTED**.  Defendants may seek to obtain the limited allowable
24 information set forth above directly from the third parties.  If those efforts are not successful, they
25 may issue subpoenas which comport with the scope of this Order.

26 ////

---

[3] Presumably if Plaintiff did not attend the institution, then no degree would have been awarded and vice versa.  Thus, category 2 would appear to be covered by category 4.

Plaintiff's **request for sanctions** is inappropriate in light of Plaintiff's failure, once again, to comply with the Standing Order and is therefore **DENIED**.

**SO ORDERED.**

Dated: October 29, 2024

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge