UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALEXANDER RUSSO, et al., | Case No. 24-cv-00748-PCP  (SVK) |
|---|---|
| Plaintiffs, | |
| v. | **ORDER RE DISCOVERY DISPUTE** |
| FEDERAL MEDICAL SERVICES, INC., et al., | Re: Dkt. No. 118 |
| Defendants. | |

The Parties, Plaintiff Russo and Defendant Federal Medical Services, Inc. ("Defendant" or "Fed Med"), first raised this dispute regarding Defendant's production of documents in a Joint Statement in October. Dkt. 99. The Court held a hearing on November 13, 2024, and issued an order limiting requests for production (RFPs) on issues of alter ego and joint employment to 25 and setting a schedule for responses, production and for any further disputes regarding the 25 RFPs to be brought to the Court's attention. Dkt. 108. Now before the Court is the Parties' further Joint Statement arising out of the 25 RFPs. Dkt. 118. Discovery on this issue closes on December 9, 2024. Dkt. 110.

The issues raised by the Parties fall into the following categories:

1. The scope of certain requests directed to issues of alter ego and joint employment;
2. Whether Defendants are required to search electronic communications (ESI);
3. Whether Defendants are required to prepare a privilege log.

The first issue is resolved by review of the disputed requests; the Court's rulings on these requests are set forth in the attached chart and incorporated herein. It is unclear from either Parties' portion of the Joint Statement if the second issue arises out of Defendant's failure to produce electronic versions of documents already produced or Defendant's failure to even search for responsive documents in electronic format. Dkt. 118 at 8. Defendant complains that Plaintiff has not raised concerns regarding electronically stored information ("ESI") during the course of the litigation and unhelpfully states that "Defendant doesn't believe it has any" or "to its

1  knowledge it did not have the documents produced to date in electronic format." Dkt. 116 at 5;

2  Dkt. 118 at 8.  If Plaintiff is just now raising the issue of production of documents in native

3  format, it is untimely given the impending discovery deadline and as such no longer proportional

4  to the needs of the litigation.  Fed. R. Civ. Proc. 26.  The means of producing ESI and

5  memorialization of those means in an ESI order is to be addressed at the start of document

6  production, not the end.  However, if the dispute is whether Defendant is obligated to search its

7  email in the first place for responsive documents, then Defendant's complaints are not well

8  founded.  Common sense dictates that requests directed to "communications" necessarily include

9  electronic communications, whether by email or text, and outweighs any complaints of burden.

10  The proportionality requirements of Rule 26 also support inclusion of electronically stored

11  information in this case, even now near the close of discovery.

12  Defendant similarly complains that there had been no request for a privilege log until this

13  production dispute was first raised last month.   As Plaintiff properly points out under Rule 26, the

14  obligation to create and serve a privilege log arises from a party's withholding of documents for

15  which it claims protection and is utterly independent of any request by the opposing party.  If

16  Defendant is withholding any documents that pre-date the filing of the initial complaint in this

17  action, it must promptly prepare and serve a privilege log.

18  In light of the foregoing and the impending discovery deadline of December 9, 2024, the

19  **Court will proceed with the video hearing on December 4, 2024 at 12 p.m.** to set a date for

20  further production of documents and service of a privilege log as needed and to ensure that both

21  Parties satisfy their respective discovery obligations.  The Court will not hear further argument on

22  the substantive rulings set forth in this Order.

23  **SO ORDERED.**

24  Dated: December 2, 2024

SUSAN VAN KEULEN
United States Magistrate Judge