UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RUSSO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL MEDICAL SERVICES, INC., et al., <br><br> Defendants. | Case No. 24-cv-00748-PCP <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 128 |

This Court dismissed plaintiff Alexander Russo's claims against defendant Jerry Tate but granted Mr. Russo leave to file an amended complaint. Mr. Russo subsequently filed his fourth amended complaint, which Mr. Tate again moves to dismiss. For the following reasons, the Court denies Mr. Tate's motion.

**BACKGROUND**

All factual allegations from the complaint are accepted as true in resolving this motion.

This case stems from Mr. Russo's employment with Federal Medical and Ben Fitzgerald, of which Jim Slattery is the CEO and Mr. Tate is the owner. Abigail Woulfe supervised Mr. Russo's work for both employers. Mr. Russo asserts seven causes of action under the California Labor Code, the California Unfair Competition Law, the federal Fair Labor Standards Act, and California's Private Attorneys General Act.

In May 2024, the defendants collectively moved to dismiss all claims against them on multiple grounds, two of which are relevant here. First, the defendants argued that Section 558.1 of the California Labor Code does not provide for individual liability with respect to alleged violations of Sections 510, 512, 1197, 1182.12, and 1189 because those Labor Code sections are not mentioned in Section 558.1(a) and do not themselves provide for individual liability. The

1  Court rejected this argument as an inaccurate reading of the statute, holding that "all of Mr.
2  Russo's Labor Code causes of action are either directly referenced in Section 558.1(a) or
3  incorporated into the provisions referenced therein," making their violation actionable under
4  Section 558.1(a). *Russo v. Federal Medical Servs., Inc.*, —F.Supp.3d—, 2024 WL 3738193, at *3
5  (N.D. Cal. Aug. 9, 2024).

6  Second, the defendants argued that Mr. Russo's claims against the individual defendants
7  were not supported by factual allegations establishing their individual liability. The Court denied
8  that motion as to Ms. Woulfe and Mr. Slattery but granted the motion as to Mr. Tate. In relevant
9  part, the Court held that Mr. Russo's complaint did "not make any factual allegations about Mr.
10 Tate's role in any violations Mr. Russo experienced while employed by Ben Fitzgerald[,]" which
11 was necessary to adequately plead individual liability under Section 558.1(a). *Id.* at *4. The Court
12 held that to state a claim of individual liability, Mr. Russo had to allege that Mr. Tate "made
13 decisions about wages, working conditions, or other similar matters that led to the alleged
14 violations." *Id.* Because Mr. Russo failed to include such allegations in his complaint, the Court
15 dismissed the claims against Mr. Tate with leave to amend.

16 Mr. Russo filed a fourth amended complaint pleading multitude new facts regarding Mr.
17 Tate. Mr. Tate moves once again to dismiss the claims against him and does so on the basis of
18 grounds nearly identical to those previously addressed by this Court.

### LEGAL STANDARDS

20 Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim
21 showing that the pleader is entitled to relief," with allegations that are "simple, concise, and
22 direct." A complaint must "plausibly suggest" entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S.
23 662, 681 (2009). It must also give "fair notice" and "enable" the defendant "to defend itself
24 effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading cannot be "so vague
25 or ambiguous" that an opponent "cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

26 A complaint that does not state a claim upon which relief can be granted can be dismissed
27 under Rule 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that
28 allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. Legal conclusions must be "supported by factual allegations." *Id.* at 679. The Court must "accept all factual allegations" and "construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

## ANALYSIS

**I.    Section 558.1(a) creates individual liability for the alleged labor code violations.**

Mr. Tate moves to dismiss Mr. Russo's complaint on the same ground raised in his first motion, namely that Section 558.1(a) does not create individual liability for violations of Sections 1182.12, 1197, 510, 1198, and 512 of the Labor Code. In fact, this portion of Mr. Tate's motion appears to have been copied directly from his first motion into the motion now before the Court. As in this Court's prior order, Mr. Tate's argument fails.

The Court's prior order specifically addressed Mr. Tate's arguments as to Sections 510, 1197, and 512, and the Court rejects those arguments for the same reasons here. The Court will also address Sections 1182.12 and 1198 so there remains no doubt that Section 558.1 creates individual liability for each of Mr. Russo's Labor Code causes of action. The Court advises counsel against "needlessly increase[ing] the cost of litigation" by asking the Court to address the same arguments for a third time. Fed. R. Civ. P. 11(b)(1).

Section 558.1(a) of the California Labor Code makes liable "any employer, or other person acting on behalf of an employer, who violates or causes to be violated" Industrial Welfare Commission wage and hour regulations and Labor Code "Sections 203, 226, 226.7, 1193.6, 1194, or 2802." Section 1194 provides employees paid "less than the legal minimum wage or the legal overtime compensation" with a civil cause of action to recover those wages. Similarly, Section 1182.12 sets forth a schedule for increases to California's minimum wage. This section thus defines (in part) the "legal minimum wage" whose nonpayment is actionable under Section 1194. Because a violation of the minimum wage schedule set forth in Section 1181.12 necessarily violates Section 1194, a provision directly incorporated into Section 558.1(a), its violation is actionable under Section 558.1(a).

Section 581.1(a) also creates individual liability for violations of Section 1198. Section

3

558.1(a) makes actionable any violation of a "provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission." Section 1198 in turn states that "[t]he maximum hours of work and the standard conditions of labor fixed by the [Industrial Welfare C]ommission shall be the maximum hours of work and the standard conditions of labor for employees." In other words, Section 1198 prohibits requiring an employee to work more hours than the applicable limit fixed by an order of the Commission. A violation of Section 1198 thus necessarily entails a violation of an order of the Industrial Welfare Commission, and Section 558.1(a) expressly makes such violations actionable.

In sum, Section 558.1(a) provides a cause of action for individual liability for violations of Sections 1182.12, 1197, 510, 1198, and 512 of the Labor Code.

## II. Russo pleads facts sufficient to state claims against Mr. Tate.

Because every Labor Code violation alleged by Mr. Russo is actionable under Section 558.1(a), the sole question is whether Mr. Russo has adequately pleaded his claim against Mr. Tate.

This Court previously dismissed Mr. Russo's claims against Mr. Tate because, beyond the allegation that Mr. Tate was the CEO and owner of Ben Fitzgerald, the complaint failed to include any factual allegations suggesting that Mr. Tate played a direct role in the alleged violations of California law. Section 558.1(a) provides a cause of action only where an "employer, or other person acting on behalf of an employer, … violates or causes to be violated" orders or statutes incorporated therein. Cal Lab. Code § 558.1(a).

Mr. Russo's fourth amended complaint includes new allegations describing Mr. Tate's specific role in managing his work. Mr. Tate's renewed motion to dismiss, however, barely even addresses the new allegations. Mr. Tate again states that Mr. Russo does not make any allegations regarding Mr. Tate "other than his ownership of Ben Fitzgerald." To the contrary, paragraph 47 of the fourth amended complaint alone spans two pages and details an arrangement between Mr. Tate, Mr. Slattery, and Ms. Woulfe in which Ms. Woulfe managed the employees of Federal Medical and Ben Fitzgerald and Mr. Tate and Mr. Slattery in turn controlled Ms. Woulfe's compensation, her location of work, her responsibilities, and her hours. Though Ms. Woulfe made

4

decisions regarding the hours and compensation of her employees, paragraph 47 cites emails between Mr. Tate and Ms. Woulfe in which Mr. Tate made recommendations to Ms. Woulfe about how she allocates compensation. This paragraph also alleges that Ms. Woulfe stated that both Mr. Slattery and Mr. Tate had a final say as to all decisions regarding employment. Ms. Woulfe also stated that she primarily communicated with Mr. Tate regarding her employees' working conditions.

These allegations, taken together, are sufficient to plausibly allege that Mr. Tate played a direct role in the violations of California labor law alleged by Mr. Russo. Though Mr. Tate argues that Mr. Slattery or Ms. Woulfe could have rejected his recommendations, at the motion to dismiss stage the Court must draw all reasonable inferences in favor of the nonmovant. It is more than reasonable to infer, from Mr. Tate's role in controlling Ms. Woulfe's salary, the recommendations he made to her, and Ms. Woulfe's stated belief that he had the final say in matters of personnel management, that Mr. Tate played a direct role in the employment decisions that gave rise to Mr. Russo's complaint.

## CONCLUSION

For the foregoing reasons, Mr. Tate's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: January 21, 2025

P. Casey Pitts
United States District Judge