United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER RUSSO, et al.,

Plaintiffs,

v.

FEDERAL MEDICAL SERVICES, INC., et al.,

Defendants.

Case No. 24-cv-00748-PCP

**ORDER DENYING IN PART MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF RECORDS**

Re: Dkt. No. 236

Plaintiffs Alexander Russo and Eric Reddick bring this wage and hour lawsuit against defendants Federal Medical Services, Inc., Ben Fitzgerald Real Estate Services, LLC, Jim Slattery, Jerry Tate, and Abigail Woulfe alleging violations of state and federal law. Plaintiffs now move under Federal Rule of Evidence 104 for a pretrial determination of the admissibility of certain records and trial exhibits. *See* Dkt. No. 236. For the reasons set forth below, the Court denies the motion in part.

**BACKGROUND**

Russo and Reddick allege that they were jointly employed to perform janitorial services by defendants Federal Medical Services, Inc. and Ben Fitzgerald Real Estate Services, LLC (BFRES). They contend that defendants failed to pay all required minimum wages and overtime compensation, failed to provide legally compliant meal and rest periods, failed to provide accurate itemized wage statements, and willfully failed to pay all wages due when their employment ended. The operative fourth amended complaint asserts causes of action under the California Labor Code, California's Unfair Competition Law, the California Private Attorneys General Act, and the federal Fair Labor Standards Act. Plaintiffs allege that Jim Slattery, Jerry Tate, and Abigail Woulfe, as representatives of plaintiffs' employers, are individually liable under California Labor

Code § 558.1. Federal Medical hired Renhill Staffing Service to serve as its third-party human resources, payroll, and staffing subcontractor. Renhill is not a party to this case.

The Court denied the parties' cross motions for summary judgment in August 2025, and trial is scheduled to begin on September 28, 2026. Plaintiffs now ask the Court to decide in advance of trial (1) whether certain Russo time/payroll records are admissible; (2) whether certain Reddick time records and Renhill payroll and time submission statements are admissible; (3) whether BFRES and Federal Medical satisfy Federal Rule of Evidence 801(d)(2)(E)'s common-enterprise predicate; (4) whether trial exhibits numbers 58 and 59 are admissible under Rule 1006; and (5) whether the Court should reopen discovery to permit plaintiffs to conduct discovery relating to the foundation for the Renhill records if the existing foundation is determined to be insufficient.

The order addresses issues 2, 3, and 5.

**LEGAL STANDARD**

Federal Rule of Evidence 104 requires the Court to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). The Court should "conduct any hearing on the preliminary question so that the jury cannot hear it if … justice so requires." Fed. R. Evid. 104(c)(3).

**ANALYSIS**

**I. Plaintiffs have not provided a sufficient evidentiary basis for the Renhill records.**

Plaintiffs seek to introduce at trial certain payroll and time submission records that were produced by Renhill during discovery. They previously sought summary judgment on the basis of the same records, but the Court concluded that the records did not provide a valid basis for plaintiffs' motion because plaintiffs had authenticated the Renhill records only through a declaration from their counsel and had "failed to properly authenticate these documents by providing a declaration or affidavit of an individual personally knowledgeable about the records." *Russo v. Fed. Med. Servs., Inc.*, 793 F. Supp. 3d 1121, 1140 (N.D. Cal. 2025). Such "unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F3d 764, 773 (9th Cir. 2002). The Court noted, however, that

"[b]ecause these records relate to Russo and Reddick's pay, a declaration from plaintiffs themselves *may* have sufficed to authenticate the documents." *Russo*, 793 F. Supp. 3d at 1140 (emphasis added). Plaintiffs now ask the Court to rule in advance of trial that the requirements for admission of the Renhill records have been satisfied.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "It is … a basic rule of evidence that documents must be properly authenticated to be admitted." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 287 F. Supp. 2d 1118, 1146 (C.D. Cal. 2003), *aff'd sub nom. Carson Harbor Vill. v. Cnty. of Los Angeles*, 433 F.3d 1260 (9th Cir. 2006). "To authenticate evidence, a party must 'produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" *Am. Fed'n of Musicians of United States & Canada v. Paramount Pictures Corp.*, 903 F.3d 968, 976 (9th Cir. 2018) (quoting Fed. R. Evid. 901(a)). "A party need only make a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *Id.* (quoting *United States v. Estrada-Eliverio*, 583 F.3d 669, 673 (9th Cir. 2009)).

Plaintiffs argue that their request for the records, an email from a Renhill employee transmitting the records, the employee-identifying information on the records, and the consistent format of the records are sufficient to permit their admission. Defendants argue that the Court already decided this issue at summary judgment, when "the Court held that Plaintiffs had not provided the evidentiary foundation necessary to rely on the paystubs and timecards." Opposition to Motion for Pretrial Determination of Admissibility of Records, Dkt. No. 257, at 3. They note that plaintiffs could have cured this issue by deposing Renhill employees but failed to do so. *Id.* at 3-4. Indeed, although plaintiffs noticed the depositions of Renhill employees Breanna Tefft and Ricki Keene in September 2024, the plaintiffs "did not proceed with those depositions." *Id.* at 3.

The Court agrees with defendants that plaintiffs have failed to provide a proper evidentiary basis for the records' admission at trial. To be certain, and in contrast to their showing at summary judgment, plaintiffs have now made a prima facie evidentiary showing sufficient to establish that the Renhill records were in fact received from Renhill in response to a request from the plaintiffs.

The problem, however, is that this showing does not provide any evidentiary foundation for the Court or the jury to conclude that the records are an accurate and authentic representation of Renhill's own payroll and time submission records for the plaintiffs or other aggrieved employees—which is the only reason the records are potentially relevant at trial. As defendants note, the evidence necessary to establish that foundation rests with Renhill and its employees. Without any testimony regarding how the records were maintained or generated, what is reflected therein, or Renhill's recordkeeping practices, the Court cannot conclude that they constitute admissible business records or otherwise provide an accurate representation of Federal Medical's payroll and time submission practices for the periods in question.

Although the Court suggested at summary judgment that affidavits from plaintiffs *might* have sufficed to authenticate the records, the declaration from Reddick that plaintiffs provide states only, "During my deposition, I was shown a RENHILL Personal Earnings Statement bearing my name. I testified that I had not received that document during my employment. I also confirmed that the pay period shown on the document was a period during which I worked." Reddick Decl., Dkt. No. 236, at ¶ 5. He also declares: "I do not have personal knowledge of how RENHILL created or maintained its payroll records." *Id.* at ¶ 6. Reddick thus disclaims any knowledge of the Renhill documents and provides no evidence regarding their authenticity. Rule 901(b)(1) allows for authentication "by a witness who wrote, signed it, used it, or saw others do so," *Orr*, 285 F.3d at 774 n.8 (citation omitted), but Reddick's declaration says nothing to that effect.

Accordingly, plaintiffs have not provided a proper basis for the records' admission under Rule 901, nor have they yet identified a witness who could authenticate the records at trial. In the absence of such evidence, the records will be inadmissible.

**II. Plaintiffs have not shown good cause to reopen discovery.**

Plaintiffs alternatively request leave under Federal Rule of Civil Procedure 16(b)(4) to reopen discovery so that they can take a Federal Rule of Evidence 803(6) deposition with respect to the records' authenticity and foundation.

Under Rule 16(b)(4), pretrial schedules "may be modified only for good cause and with the

United States District Court
Northern District of California

judge's consent." "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation modified).

Plaintiffs fail to demonstrate good cause for reopening discovery at this extremely late stage of the proceedings. Trial is set to begin in less than two weeks, and discovery in this matter closed in June 2025—well over a year ago. Plaintiffs have not identified any reason why they could not have pursued discovery regarding the Renhill records prior to the close of discovery. To the contrary, they noticed depositions of two Renhill employees who could have provided relevant testimony but then chose not to go through with those depositions. And if plaintiffs contend that they were unaware of the need for such discovery before June 2025, plaintiffs have at least known about the authentication issue with respect to the Renhill records since August 2025, when the Court issued its summary judgment decision. Since that time, plaintiffs appear to have done nothing to address the issue, instead waiting nearly a full year before seeking leave to open discovery.

Given these facts, it is evident that plaintiffs were not diligent in pursuing the discovery needed to authenticate the Renhill documents. "Finding [themselves] without admissible testimony on this issue, [p]laintiff[s] must accept the consequence of [their] choice not to pursue discovery … before the discovery cutoff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also id.* (noting "the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent"). Accordingly, plaintiffs' request to reopen discovery is denied.

**III. Plaintiffs have not shown that BFRES and Federal Medical satisfy Rule 801(d)(2)(E).**

Finally, plaintiffs seek a declaration under Federal Rule of Evidence 801(d)(2)(E) that all statements by Federal Medical and Slattery are admissible against BFRES, Tate, and Woulfe over any hearsay objection. Motion for Pretrial Determination of Admissibility of Records, Dkt. No. 236, at 5-6. They seek a determination that "the enterprise-and-participation predicate [is]

satisfied." *Id.* at 6.

Rule 801(d)(2)(E) provides that that a statement is not hearsay if it "is offered against an opposing party" and "was made by the party's coconspirator during and in furtherance of the conspiracy." *See also Bourjailey v. United States*, 483 U.S. 171, 173 (1987) (discussing Rule 801(d)(2)(E)). But as defendants note, plaintiffs do not identify any particular statement that they seek to have admitted over hearsay objections. Likewise, plaintiffs have not yet introduced the evidence of a conspiracy that might support the application of the co-conspirator hearsay exception. It is a well-established rule that "prior to the final admission of out-of-court statements of co-conspirators … [plaintiffs] must establish by a preponderance of the evidence that a conspiracy existed and that the defendant was connected to it." *United States v. Zavala-Serra*, 853 F.2d 1512, 1514 (9th Cir. 1988). Until plaintiffs introduce evidence of that conspiracy at trial, the Court cannot rule that Rule 801(d)(2)(E) applies. Accordingly, plaintiffs' Rule 801(d)(2)(E) request is denied without prejudice.

**CONCLUSION**

For the foregoing reasons, the Renhill payroll and time submission records will be inadmissible unless plaintiffs can provide further evidence establishing their foundation and authenticity; plaintiffs have not shown good cause to re-open discovery; and plaintiffs have not yet demonstrated that Rule 801(d)(2)(E) applies in this case. The Court therefore denies plaintiffs' Rule 104 motion as to these issues.

**IT IS SO ORDERED.**

Dated: September 15, 2026

P. Casey Pitts
United States District Judge